## IN RE JEFF McCARN.

### MOTION TO STRIKE REPORT.

ARGUED MAY 1, 1914.                 DECIDED MAY 7, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MOTIONS—*scope of motion to strike.*

When an official report, made at the request of the court, responds to the purpose for which it is intended, but contains matters which, in the opinion of a party affected thereby, are unnecessary and objectionable, his remedy is not by motion to strike the report as a whole, but by motion to strike out or expunge the objectionable matter.

ATTORNEY AND CLIENT—*disbarment—preliminary investigation—evidence.*

In a preliminary investigation to determine whether charges made against a practicing attorney should be prosecuted, *ex parte* affidavits are admissible, and an official report requested to determine the propriety of prosecuting such charges should not be stricken from the files for the reason that it was made upon evidence and *ex parte* statements made in the absence of the accused attorney who did not have the opportunity to confront and cross-examine the witnesses.

OPINION OF THE COURT BY QUARLES, J.

A petition charging Jeff McCarn, an attorney of this court, with malpractice and unprofessional conduct, based on two affi-

davits, certified copies of which are attached to said petition, was filed in this court on the 8th day of April, 1914. Pursuant to the usual practice of this court the matter was referred to the attorney general with the request to examine into the same and if in his opinion he found it proper, to take the necessary steps and start proceedings, and if he found to the contrary, upon investigation, to report to the court. After examining into the matter, considering the said affidavits, and the written response, under oath, thereto by the respondent, the attorney general filed his report in which he finds that the respondent acted in good faith and recommends that the charges be dismissed. The respondent, feeling aggrieved at certain expressions of opinion contained in said report, has moved to strike the report from the files of this court. Unfortunately the report contains certain expressions of opinion which are apparently inconsistent, to some extent, with the conclusion reached by the attorney general, but in our opinion the same relate to collateral matters which are immaterial. This motion came on to be heard and was argued at length, the argument taking a wide range. We have carefully examined the affidavits in support of the charge, and the verified written response thereto, which is lengthy, and without going into the details, we are of the opinion that the conclusion of the attorney general, that the respondent acted in good faith and that the charges should be dismissed, is correct.

The only two questions presented by the affidavits, on the one hand, and the written response on the other, are whether or not the respondent was justified in filing on behalf of the wife of said Thielen a libel for divorce, it being alleged that she was insane at the time and that certain statements therein were not true, and the propriety of his taking security for a fee. We are convinced from the uncontradicted statements, under oath, of the respondent, and from the statements in the affidavits that at the time Mr. Thielen, accompanied by a certain physician, called upon the respondent with the apparent intention of

convincing him that Mrs. Thielen was *non compos* and irresponsible for her statements and that one allegation in the libel was untrue, that the respondent believed that she was not insane but of sufficient mental capacity to know what she was doing.  We are convinced that the petitioner, Mr. Thielen, thought the same thing.  In his affidavit he did not agree with the statement of the physician to the effect that she was *"non compos mentis* and absolutely irresponsible for her statements,"* for in his affidavit he said that "he believed his wife was mentally unbalanced and not responsible for her actions, but that he was not absolutely certain at that time as to her mental status."  It appears without contradiction that up to that time Thielen had been negotiating with his wife in order to settle the question of alimony and that within two hours of the interview between himself, the doctor and respondent, he had personally, and through his own attorney, endeavored to agree with the respondent upon alimony to be allowed his wife *pendente lite*.  Two days afterwards the libel for divorce was filed.  We are convinced that the respondent was of the opinion that Mrs. Thielen was not insane at that time.  The actions of Mr. Thielen both prior to filing the libel for divorce and afterwards, and thereafter on the 20th of March, four days after the libel was filed, when he sent his wife to Mr. McCarn to get a receipt for the ring which had been pledged as security for the fee, tend to show that he thought she was not insane.  Otherwise it would be difficult to understand his actions in endeavoring to contract with her and settle with her upon alimony to be allowed *pendente lite*.  The respondent's opinion, we think, was based upon sufficient grounds and justified him in his actions in the premises.  We have carefully considered the facts relating to the divorce proceeding as they appear in the said affidavits and in the written response of the respondent and are convinced that at the time he filed the libel he believed and had good reasons to believe that the action was meritorious and a proper action for him to commence.  We think that there was absolutely nothing in his conduct relating thereto which was not

fully justified, taken in good faith, in what he believed to be and had sufficient reasons to believe to be within the line of his duty as an attorney. At the hearing the respondent insisted with considerable earnestness that the charges be investigated fully by this court and evinced the desire to have a full hearing at which he could be present, meet the witnesses against him and have the opportunity of cross-examining them. One of the grounds of his motion to strike the report of the attorney general is that certain opinions contained therein were based upon statements made to the attorney general by witnesses that the respondent did not have the opportunity to confront and cross-examine. The proceeding being preliminary, in our opinion this objection is not well taken. The position of an attorney, under circumstances like those in the case before us, is well illustrated by the court *In the Matter of Eldridge,* 82 N. Y. 161, in which Mr. Justice Finch, at page 167, speaking of the consequences of an attack of this kind upon an attorney, says: "The issue is vital to the party assailed. An adverse decision dooms him always to disgrace, and often to poverty and want. His professional life is full of adversaries. Always in front of him there is an antagonist, sometimes angry and occasionally bitter and venomous. His duties are delicate and responsible, and easily subject to misconstruction. To say that when he denies the charges brought against him he may be tried without the rights and the safeguards which belong to the humblest criminal, would be to adopt a dangerous rule and one without reason or justification. The question is important and it is best that we decide it. On the application addressed in the first instance to the court, as the mode of arousing its attention and setting it in motion, affidavits, minutes of testimony, any thing which furnishes needful information, may be used as the basis upon which to found an order to show cause. Upon the return of that order the accused is heard." The court held in that case that upon final hearing affidavits were not admissible in evidence and that the accused attorney had the right to confront the witnesses

against him and to cross-examine them. Here the affidavits and other evidence complained of are not offered at a hearing of the charges but in a preliminary matter. The question of the admissibility of such evidence would arise if the charges should be prosecuted and heard, but not in a preliminary investigation of this kind.

The report of the attorney general was responsive to the request of the court and to the purpose for which it was requested. Some of the expressions of opinion contained therein upon immaterial matters should have been left out. Where, as in the case here, an official report is called for by the court, is made, is responsive to the purpose for which it is requested, but contains matters which, in the opinion of a party affected thereby, are improper, the remedy of such party is by motion to strike out or expunge the objectionable matters and not by motion to strike the entire report. If we should grant the motion to strike out the attorney general's report, the verified reply of the respondent attached to said report and made a part thereof would necessarily go out of the record and leave in this court only the petition of Mr. Thielen with the copies of affidavits thereto attached. We do not feel justified in granting the said motion. It is apparent that the respondent feels deeply aggrieved at certain expressions in said report and which seem inconsistent with the conclusion reached by the attorney general. We believe that any fair-minded man who will examine the record in this case, including the petition, the affidavits in support of same, the sworn answer of the respondent, and the said report cannot fail to see that the respondent acted in good faith and is not chargeable with negligence or improper conduct in the matter of filing the libel for divorce for Mrs. Thielen. As to the diamond ring, taken at the insistent request of Mrs. Thielen, we can see nothing improper, inasmuch as no rule of law or of ethics precludes an attorney from taking security offered him by a client for a fee to be paid in the future. Believing, as we do, that this is not a proper case for further inves-

tigation, and that the time of this court should not be wasted in inquiring into conduct upon the part of an attorney which has been found to be fair, proper, and within the line of his duty, we have concluded to deny the motion and adopt the conclusion of the attorney general that the charges be dismissed.

For the reasons above stated an order will be entered denying the motion to strike the report of the attorney general and dismissing the charges against the respondent.

*Jeff McCarn* in proper person, *A. S. Humphreys* and *J. Lightfoot* for the motion.

*I. M. Stainback, Attorney General,* and *Holmes, Stanley & Olson,* contra.